IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALPHA THIRTEEN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>OAHU TRANSIT SERVICES, INC.,<br><br>Defendant. | Civil No. 26-00092 MWJS-RT<br><br>ORDER GRANTING DEFENDANT OAHU TRANSIT SERVICE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND |

**INTRODUCTION**

In February 2023, a passenger suffered an injury while exiting a bus operated by Defendant Oahu Transit Services, Inc. ("OTS"). The passenger received medical treatment for her injuries through Medicare, and a third party—MDX Hawaii—made conditional Medicare payments for that treatment. Under federal law, MDX Hawaii was entitled to reimbursement for those conditional payments from whomever was primarily responsible for payment; the complaint in this lawsuit alleges that primarily responsible party is OTS. Yet MDX Hawaii has never received reimbursement for its conditional payments.

This is not, however, a lawsuit between MDX Hawaii and OTS. That is because MDX Hawaii allegedly assigned its right to recover reimbursement to Plaintiff Alpha Thirteen, LLC. And it is Alpha Thirteen that has brought this action to recover

reimbursement for the conditional payments made by MDX Hawaii to the injured passenger.  OTS has moved to dismiss this case, arguing that Alpha Thirteen does not have standing to assert the claims it has brought in this action and that the court therefore lacks subject matter jurisdiction to hear the case.  For the reasons that follow, the court agrees and GRANTS the motion to dismiss with leave to amend.

## BACKGROUND

On February 10, 2023, a Medicare beneficiary referred to as "C.G." was injured as she exited a bus operated by OTS, which provides public transit (commonly known as "TheBus") to commuters on the island of Oʻahu.  Dkt. No. 7, at PageID.116.  C.G. suffered various injuries as a result of the accident and received medical care for those injuries through Medicare.  MDX Hawaii, a "Downstream Entity" which "contracts with a Medicare Advantage Organization to administer Medicare Part C benefits directly to seniors," made $8,907.71 in Medicare payments for treatment related to the accident.  Dkt. No. 7, at PageID.115 n.1.  According to the allegations in Alpha Thirteen's First Amended Complaint, C.G. subsequently settled her claims arising out of the accident with OTS.  By settling those claims, the complaint alleges, OTS established itself as the "primary payer" for the Medicare payments and therefore incurred an obligation to reimburse MDX Hawaii for the payments already made.  *Id.* at PageID.128.  And despite its alleged legal obligation to do so, OTS has never reimbursed the Medicare payments made by MDX Hawaii.

In 2025, MDX Hawaii assigned its right to recover reimbursement to Alpha Thirteen.  On February 10, 2026, Alpha Thirteen commenced this lawsuit by filing a complaint in the District Court of the First Circuit, State of Hawaiʻi, Civ. No. 5CCV-25-0000067.  Dkt. No. 1-2.  In it, Alpha Thirteen alleged a violation of 42 U.S.C. § 1395y(b)(3)(A), which provides a private cause of action for double damages when a primary plan "fails to provide for primary payment (or appropriate reimbursement)" under the relevant Medicare regime.  OTS was served with the lawsuit on February 18 and timely removed the action to this court on February 27, 2026, on the basis of federal question jurisdiction.  Dkt. No. 1.  On March 11, Alpha Thirteen filed a First Amended Complaint as permitted by Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Dkt. No. 7.

OTS then filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction on March 31.  Dkt. No. 10.  Alpha Thirteen opposed the motion, Dkt. No. 23, and OTS replied, Dkt. No. 24.[1]  The court opts to resolve OTS's motion to dismiss without a hearing, as authorized by Local Rule 7.1(c).

## DISCUSSION

Federal Rule of Civil Procedure 12 sets out the various ways in which a defendant can move to dismiss an action.  Under Rule 12(b)(1), a party may move to

---

[1]    While the motion was pending, Alpha Thirteen sought and was granted leave to file a portion of Exhibit 1 to the First Amended Complaint under seal.  Dkt. Nos. 17-19.

dismiss on the basis that the court lacks subject matter jurisdiction—that is, that the court is not empowered to hear the suit before it. And under Rule 12(b)(6), it may seek dismissal on the basis that the complaint fails to state a claim upon which relief can be granted. OTS makes arguments under both rules in its motion. But because a court "faced with a challenge to its subject matter jurisdiction under Rule 12(b)(1) . . . must resolve that issue before determining whether the complaint states a claim under Rule 12(b)(6)," *Laborers Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020)—and because the jurisdictional challenge is sufficient to resolve the motion before the court—this order will focus exclusively on Rule 12(b)(1).

"When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." *Espino v. Regents of the Univ. of Cal.*, 666 F. Supp. 3d 1065, 1078 (C.D. Cal. 2023) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). A Rule 12(b)(1) challenge "may be facial or factual, depending on whether the challenger asserts that the complaint, on its face, is insufficient to invoke federal jurisdiction or whether the challenger disputes the truth of the allegations themselves." *Laborers' Int'l Union*, 435 F. Supp. at 999. OTS' argument that the complaint "fails to adequately allege" standing or "does not provide a sufficient factual basis to plausibly infer" standing is best understood as a facial challenge. Dkt. No. 10-1, at PageID.160-62. And when considering a facial attack, the court "must limit

4

its analysis to the allegations of and documents attached to or incorporated by reference in the complaint." *Avila v. Sheet Metal Workers Loc. Union No. 293*, 400 F. Supp. 3d 1044, 1058 (D. Haw. 2019).

OTS contends in its motion to dismiss that Alpha Thirteen lacks standing to bring this lawsuit because its complaint "fails to adequately allege that MDX Hawaii . . . ever had the right to recover" for the Medicare claims at issue. Dkt. No. 10-1, at PageID.160. But it further argues that "even if Plaintiff had adequately alleged MDX Hawaii had the right to recover for payment of C.G.'s medical bills under the MSP Act, Plaintiff does not provide a sufficient factual basis to plausibly infer that MDX Hawaii assigned those claims to Plaintiff" and that Alpha Thirteen therefore has standing to sue. *Id.* at PageID.161. Specifically, OTS contends that although an "Assignment Agreement" attached to the complaint as Exhibit 1 "purports to convey the right to recover on certain, unidentified 'Identified Medical Claims,'" it does not "show that C.G.'s claims were 'Identified Medical Claims.'" *Id.* at PageID.162. Worse still, OTS points out, the Assignment Agreement suggests that the identified claims are detailed on a "Schedule 1," but no such document is included in the pleadings. *Id.*

In Alpha Thirteen's view, this argument is "unserious." Dkt. No. 23, at PageID.728. The First Amended Complaint "specifically alleges that the Assignment of Claims agreement assigned C.G.'s February 2023 claims to Plaintiff on June 15, 2025," and that agreement is attached to the complaint as an exhibit. *Id.* Alpha Thirteen

5

contends that nothing more (beyond the identity of the Medicare Advantage Organization involved, which the complaint includes) is required at the pleading stage. *Id.* (citing *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 17-cv-2522, 2017 WL 5634097 (C.D. Cal. Nov. 20, 2017)).  And Alpha Thirteen further asserts that even if the version of the assignment agreement filed alongside the First Amended Complaint left any uncertainty about whether a sufficient factual basis existed to conclude that C.G.'s claims were assigned to Alpha Thirteen, its sealed submission of an unredacted copy of Schedule 1 has rendered any such argument moot.  Dkt. No. 23, at PageID.728; *see* Dkt. No. 19 (Assignment Agreement and Schedule 1).

At this stage, however, Alpha Thirteen's arguments and filings are insufficient to overcome OTS' standing arguments.  To survive a jurisdictional challenge under Rule 12(b)(1), a plaintiff "need only show that the facts alleged, if proved, would confer standing upon him." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).  And to establish standing, that plaintiff must show that it has (1) suffered an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Although a plaintiff generally only has standing to bring claims on its own behalf, an "assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).  And "[u]nder the Medicare Secondary Payer Act, an assignee has standing

6

to sue if (1) its ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned." *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 17-cv-02522, 2022 WL 1690151, at *14 (C.D. Cal. May 25, 2022) (cleaned up).

In order to demonstrate that it has standing to pursue the claims brought in this lawsuit, Alpha Thirteen must therefore show that MDX Hawaii suffered an injury-in-fact and validly assigned its right to recover on the claims arising out of that injury. But even assuming for the purposes of this order that MDX Hawaii validly assigned some subset of claims to Alpha Thirteen, neither the complaint itself nor the assignment agreement contains sufficient factual content to demonstrate that the claims assigned to Alpha Thirteen arise from an injury-in-fact that is fairly traceable to OTS. In other words, the pleadings do not contain any facts tying C.G.'s alleged injury at the hands of OTS to MDX Hawaii's ultimate assignment of its claims to Alpha Thirteen. To be sure, the complaint alleges that C.G. was injured by OTS; that MDX Hawaii made conditional payments for the medical care stemming from that injury; and that OTS acknowledged its primary responsibility for Medicare purposes by settling C.G.'s claims. But the missing link is any allegation that MDX Hawaii assigned the particular claims arising out of the injury caused by OTS to Alpha Thirteen. Without that factual connective tissue, it is not clear that any claim assigned to Alpha Thirteen is traceable to OTS based

7

on "a causal connection between the injury and the actions complained of." *Easter v. Am. W. Financial*, 381 F.3d 948, 961 (9th Cir. 2004).

Alpha Thirteen points to Schedule 1 as evidence that MDX Hawaii assigned its right to recover on claims the latter paid out for C.G.  Setting aside the fact that the document was not originally attached to or included in the original First Amended Complaint, Schedule 1 "does not provide the clarity Alpha [Thirteen] appears to believe it does—at least not without further explanation."  *Alpha Thirteen, LLC v. Progressive Cas. Ins. Co.*, No. 25-cv-00364, 2026 WL 1557410, at *1 (D. Haw. June 2, 2026).  The document is 247 pages long and contains 336 claims spanning dates between 2018 and the present.  Each individual claim contains only two data points tying it to a particular patient:  a "Patient ID" and a "Patient DOB."  Although the Patient DOB appears to be the same for each claim, Schedule 1 lists claims for at least two different Patient IDs.  And while the various claims include medical codes, diagnoses, hospital locations, and dates, there is no narrative description of the patient's presentation or reason for visit.  There is therefore no way to discern which claims, if any, are related to injuries incurred as a result of C.G.'s bus accident, or indeed whether any Patient ID corresponds to C.G. at all.  Crucially, neither the First Amended Complaint nor Exhibit 1 alleges that any Patient ID listed on Schedule 1 is in fact C.G.  *Cf. Alpha Thirteen*, 2026 WL 1557410, at *1 (noting that an assignment agreement which included only patient IDs and gender markers "provide[d] no clarity on whether the clams concern A.K., at least without

8

further explanation," making it "impossible to know whether the claims listed in Schedule 1 concern A.K. or some other, unrelated female in Hawaiʻi"). Without a clear factual basis from which the court could determine that MDX Hawaii assigned claims arising out of an injury-in-fact suffered by C.G. or otherwise fairly traceable to OTS' actions, the court cannot conclude that Alpha Thirteen has standing to pursue any of the claims in the First Amended Complaint. OTS' Motion to Dismiss is therefore GRANTED on this ground.

Because Alpha Thirteen may nonetheless be able to cure the standing deficiencies in its complaint, the court GRANTS Plaintiff leave to amend. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 736-37 (9th Cir. 2009) (explaining that dismissals for lack of standing should be made with leave to amend unless it is clear that amendment is futile). Alpha Thirteen may file a Second Amended Complaint by July 27, 2026. Any Second Amended Complaint must cure the deficiencies identified in this order. And for the sake of promoting efficiency—although the court's order addresses only OTS' standing argument—Alpha Thirteen may elect to address any of the contentions in OTS' motion to dismiss in any Second Amended Complaint. *See, e.g., Nā Poʻe Kōkua v. Bank of Am. Corp.*, Civ. No. 22-00238, 2023 WL 2042923, at *6 n.9 (D. Haw. Feb. 16, 2023); *cf.* Individual R. Prac. V.(D). Failure to file an amended complaint by July 27, 2026 will result in the automatic dismissal of this action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint is GRANTED with leave to amend.  Alpha Thirteen may file a Second Amended Complaint by July 27, 2026.  Failure to file a Second Amended Complaint by that date will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  June 24, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

*Alpha Thirteen, LLC v. Oahu Transit Services, Inc.*; Civil No. 26-00092 MWJS-RT; ORDER GRANTING DEFENDANT OAHU TRANSIT SERVICE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND